Summers, J.
The defendants are the distributees of the estate of one-Allen, of which the plaintiff is the administrator. McCoy, at the time of his appointment, was indebted to the estate in the sum of $1,469.98, and was and still is insolvent. Exceptions to his final account were filed in the probate court, among others that he had not charged himself with the said sum as so much money received by him as such administrator. The probate court found that he was insolvent, and overruled the exception; the matter was appealed to the court of common pleas, which, while it found that the debt could not, subsequently to his appointment, have been collected from him, held, as matter of law, upon the facts found, that his insolvency made no difference, and that he must charge himself with the debt and account for the amount due thereon as so much money received by him as such administrator. To this holding McCoy excepted, and prosecutes erior to this court.
The precise question presented has not been decided by our supreme court, but we would not have had much difficulty in determining it upon the reasoning in Brown v. Harshman’s Ex'rs, 9 O. C. C. 1, had not the holding in that case been repudiated in the opinion in Perkins v. Scott, 9 O. C. C. 207.
In Brown v. Harshman’s Ex’rs, it was held that while a claim, due from one of two joint executors, who was insolvent, ought to be included in the inventory as required by section 6069, Rev. Stat., yet the executors would not be held liable for the same as for so much money in their hands; while in Perkins v. Scott it was held that ‘ ‘ The sureties upon an administrator’s bond are liable for the debt of the administrator, due the decedent, regardless of the solvency or insolvency of said administrator. ’ ’ While this holding in Perkins v. Scott is a mere dictum, to which Judge Day dissented, yet we have thought it best, while approving the decision in Brown v. Harshman’s Ex’rs, not to rest our de *609 cisión upon the reasoning in the opinion in that case, but upon a re-examination of the whole matter.
We think the above holding in Perkins v. Scott is a dictum, first, because that was a suit brought against the adminstrator and the sureties upon his bond, and, the debt due from the administrator to the decedent having been determined by the probate court, upon the hearing of the final account of the administrator, no appeal having been taken or error prosecuted, the court held that in the absence of fraud or collusion the determination, of the probate court was final, and also binding upon the sureties, and this disposed of the case; second, because the court found as matter of fact, that the administrator was solvent, so that, had the case been-one that was not already concluded by the determination of the probate court, no question arose as to the duty of an insolvent debtor , who had been appointed administrator of the estate of his creditor, to charge himself in his final account with the amount of his debt as so much money in his hands, or as to the liability of his sureties.
The question is whether a debtor, who has been appointed .administrator of the estate of his creditor, should be required to charge himself in the settlement of his account with the amount of his debt as so much money received by him as such administrator when he was insolvent at the time of his appointment, and so continues.
The case of Tracy v. Card, 2 Ohio St. 431, is relied upon in support of the decision in Perkins v. Scott, and while we concede that the holding in that case that “ An appointment ■as executor or administrat jr does not extinguish the debt of the executor or administrator to the estate of his testator or intestate. Nor was such extinguishment the consequence of such appointment' in Ohio, even before the provision of our statute on that subject. The debt became assets in the hands, of the administrator or executor, for which he was accountable, as such, and for which judgment might be had .against him, in a proceeding by an administrator de bonis *610 non,” is a correct statement of the law of this state, it does-not follow that the rule is without exception.
In Bigelow v. Bigelow, 4 Ohio, 138, it was held: “When, the obligor in a bond becomes administrator of the obligee, the bond is suspended, and the debt due becomes assets in the hands of the debtor as administrator.”
This is the leading case in this state, and many of the-statements in the opinion are, in subsequent opinions, cited as principles established by that decision. An examination of the case shows that in 1815 Oliver Bigelow agreed in writing to convey some land to Elihu Bigelow for certain-sums, which Elihu agreed to pay. Oliver died, and Elihu was appointed his administrator; in the inventory he represented that there was one hundred and eighty dollars due-on the agreement, and while acting as administrator he petitioned the court for specific performance of the contract, alleging that the whole purchase money had been paid. A will was afterwards found, and the executor sued Elihu on the contract, and the supreme court held that the record of the proceedings for specific performance in which it was alleged that the purchase money had been paid, was conclusive against the right to recover in the action, and we do-not think the case is authority on any other point.
The next case is that of Hall v. Pratt, 5 Ohio, 73, which-holds that “Where a creditor is appointed administrator to-his debtor, and dies without receiving assets, it is not to be assumed that the debt was paid, nor is it extinguished. ’ ’
Statements in the opinion of this case are cited in subsequent cases in the same way as those from Bigelow v. Bigelow; and Peck, J., in Rossman v. McFarland, 9 Ohio St. 369, in which case it was held that “The case of Bigelow v. Bigelow, 4 Ohio, 138, does not apply to cases of joint and several notes, where only one of' the makers becomes trustee to a payee,” says of theBigelow case, “The authority of this case is somewhat shaken and its practical application limited, in the subse- *611 quent cases of Hall v. Pratt, 5 Ohio, 72, and Miller v. Donaldson, 17 Ohio, 265. In Hall v. Pratt, Wright, J., dissents from much of the reasoning and especially questions the universality of the maxim that personal actions-once suspended are always suspended; while in Miller v. Donaldson, Avery, J., remarks, that the holding the debt in such case to be assets in the hands of an administrator, is a mere fiction of law which cannot be allowed to work injustice. In that case a mortgagor who had been qualified and had acted as executor of the mortgagee, had failed to pay the debt while in office, and the court permitted a foreclosure of the mortgage after his removal, at the suit of an administrator de bonis non, thus showing clearly that the debt was not discharged by his appointment to and acceptance of the trust, and was not, in equity, at least, to be regarded as paid.”
The case of Tracy v. Card, 2 Ohio St. 481, we have already noticed. The next case is Shields v. Odell, 27 Ohio St. 398, which holds: “The principle that the appointment of a debtor as administrator converts the debt into assets in his hands to be accounted for, does not apply to one who is only conditionally liable to the estate;’’ and in this case Wright, J., also reviews the Ohio cases, and says: “We can see that in many cases where a debtor is appointed administrator there is no harm in considering the debt paid and in his hands for distribution, that is, as far as he is concerned. But as regards the liabilities of others to the estate, a different rule may exist. ’ ’
In Campbell v. Johnson, 41 Ohio St. 589, it was held that an answer stated a good defense which averred that the surety on the administrator’s bond sued on, was induced by the fraudulent representations of the sole owner of the estate, to sign the bond in order to make him liable for the administrator’s otherwise worthless debt.
In Martin v. Train, 6 O. C. C. 49, it was held where the debtor was appointed administrator de bonis non that th§ *612 debt became assets in his hands, although created after the death of the testator.
This examination of the Ohio cases, and the foregoing 'are all having any bearing on the matter, that have come to our attention, shows that the question under consideration has not yet been decided in this state.
In Baucus v. Stover, 89 N. Y. 1, the judgment of the Supreme Court (24 Hun 109) was reversed,the courts saying: “At the time of the death of the testator, Barr (one of the executors of the will) was utterly insolvent, and he has ever since remained so, and has been unable to pay any part of the balance due from him upon the note (Barr’s note upon which he owed the testator at the time of his death about $4,000). Upon the accounting before the surrogate the creditors claimed that Barr should account for the balance due upon the note as so much money in his hands under the following provision of the Revised Statutes (2 Rev. Stat., 84, sec. 18): ‘The naming of any person executor in a will shall not operate as a discharge or bequest of any just claim which the testator had against such executor, but such claim shall be included among the credits and effects of the deceased in the inventory, and such executor shall be liable for the same as for so much money in his hands at the time such debt or demand becomes due, and he shall apply and distribute the same in the payment of debts and legacies, and among the next of kin as part of the personal estate of the deceased. ’ The surrogate held that Barr was not liable to account for this balance as so much money in his hands, and his decision was affirmed by the general term. We are of the opinion that the court below erred. And the court held, although insolvent at the time of his appointment, he ' was bound to account for the debt, and that he should be charged therewith on settlement of his accounts as for so much money in his hands.” (Miller and Finch, JJ., dissenting.)
. The court explicitly stated that they were not called upon • *613 to determine and did not determine whether Barr’s sureties could be held for this debt as so much money actually received by him. Afterwards a creditor of Stover sued Barr and the sureties upon his bond, and the supreme court of New York, in Baucus v. Barr, 45 Hun 582, held that the sureties were not liable. “That the provisions of the statute declaring that a debt due from an executor to the estate should be treated, in the rendering of his account, as money in hand, must be construed with reference to the ordinary obligation, which imposed on him only diligent, faithful, honest action touching the administration of the estate committed to his charge.
“That the sureties did not by their bond guarantee the payment of his debt by the executor to the estate, but only guaranteed obedience by the executor to all orders of the surrogate touching the administration of the estate committed to him. ’'
And the judgment on appeal to the Court of Appeals was affirmed by that court (107 N. Y. 624) on the opinion of the special and general term in the above case.
We think the opinions of the supreme court supported by the better reasons, and that the Court of Appeals would have done better to affirm the holding in Baucus v. Stover, 24 Hun. 109, that “Although * * * an executor must include a debt due from him to his testator, in the inventory, and is, upon the final accounting, prima facie to be held liable therefor, as for so much money in his hands at the time the debt became due, yet the presumption of solvency created by the statute may be rebutted and the executor may show an honest inability to pay the debt continuing during the whole priod of his executorship” — than to hold, as it does in the above case, in 89 N. Y. 1, that “An executor, although insolvent at the time of his appointment, is bound to account for a debt so due from him, and should be charged -therewith on settlement of his accounts as for so much money in his hands”; and then to so *614 limit its decision, by further holding that the executor, if insolvent, could not be attached and punished for contempt in not complying with an order of the surrogate to apply the money which he was charged with having in his hands in payment of his debt in payment of debts of the estate, etc., and that he would not be guilty of embezzlement, and further that his sureties would not be liable, as to make it practically come to the same end as the decision overruled.